139 So.2d 226 (1962)
Woodrow ROBERTSON
v.
Richard E. BROWN, Jr., Administrator of the Division of Employment Security, Department of Labor, State of Louisiana.
No. 5483.
Court of Appeal of Louisiana, First Circuit.
March 7, 1962.
*227 Marion Weimer, Baton Rouge, for appellant.
Robert J. Jones, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY and REID, JJ.
LANDRY, Judge.
In this case Richard E. Brown, Jr., as Administrator, Division of Employment Security, Department of Labor, State of Louisiana, (hereinafter sometimes referred to simply as "Administrator", "defendant" or "appellant") is appealing from the judgment of the Nineteenth Judicial District Court, East Baton Rouge, Louisiana, affirming a ruling of the Louisiana Board of Review which held that plaintiff-appellee, Woodrow Robertson, is entitled to unemployment compensation benefits.
It is conceded that plaintiff voluntarily resigned his employment and further agreed that the sole question presented by this appeal is whether he did so for good cause connected therewith.
The facts involved in the instant litigation are not in dispute and may be briefly summarized as follows: Plaintiff, Robertson, an employee of Boudreaux Roofing Company for a period of fourteen years, received wages from said concern in the amount of approximately $60.00 weekly. The death of plaintiff's employer effected a change in ownership of the business and because of policy revisions inaugurated by the new owners, plaintiff's wages were reduced from the aforesaid sum to an average of $37.69. For a time plaintiff continued to work at the reduced rate but eventually resigned and applied for unemployment compensation benefits. Upon rejection of his application due to a determination that plaintiff left his employment without good cause connected therewith, plaintiff appealed said adverse ruling to the Appeals Referee who, after a hearing, affirmed plaintiff's disqualification to receive benefits. The decision of the Appeals Referee was then appealed to the Nineteenth Judicial District Court of East Baton Rouge Parish which remanded the matter to the Louisiana Board of Review with specific instructions to take additional testimony on the issue of plaintiff's alleged leaving his former employment without good cause connected therewith. Pursuant to the aforesaid order of remand, the Louisiana Board of Review reconsidered plaintiff's claim and subsequently modified its former ruling by declaring plaintiff eligible for unemployment compensation benefits. This latter action of the Board of Review was affirmed by the Nineteenth Judicial District Court which ordered benefits paid to plaintiff and from this decree the present appeal lies.
*228 The right of unemployed persons to receive compensation benefits during periods of unemployment is provided for in Title 23 LSA-R.S. Section 1471 et seq. It is acknowledged by all parties that the instant case is governed by Section 1601 of the statute (as amended by Act 401 of 1952), the pertinent portion of which reads as follows:
" § 1601. Disqualification for benefits
"An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances. * *"
Defendant acknowledges that pursuant to the foregoing statutory authority plaintiff is entitled to benefits in the event it be determined plaintiff left his employment for good cause connected therewith.
Although the record does not show the exact amount of benefits to which plaintiff is entitled (assuming, of course, plaintiff be adjudged to have resigned for cause), the maximum benefits payable under the act is fixed, in Section 1592 (as amended), at the sum of $35.00 weekly.
The question which we are herein called upon to decide may be stated as follows: Does an approximate 40% reduction in earnings constitute good cause for an employee to leave his employment notwithstanding his decreased wages are slightly in excess of the maximum unemployment compensation benefits to which he is entitled under the unemployment compensation law of our state?
Insofar as the courts of this state are concerned the matter appears res nova.
The objectives and purposes of the statute under consideration herein are succinctly set forth in Section 1471 thereof which clearly declares the statute is designed to minimize economic insecurity occasioned by unemployment and the social, moral, financial and political evils attendant thereto which most desirous result can be achieved only by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment thereby providing benefits during periods of unemployment thus maintaining purchasing power which will benefit employer and employee alike.
In substance defendant contends that an employee who voluntarily resigns employment for which he is paid wages in excess of maximum benefits, does so without good cause connected with his employment and thereby renders himself ineligible for unemployment compensation benefits by virtue of the hereinabove quoted provisions of 23:1601(1). In this regard learned counsel for appellant argues that any other conclusion would encourage low salaried employees to resign their employment and receive for their inactivity virtually as much in benefits as they are able to earn thus destroying all desire and initiative for employment in such cases. Learned counsel for appellant also contends that before plaintiff may be determined to have resigned for good cause, it was incumbent upon plaintiff to show that, before leaving his position of employment, plaintiff investigated the possibility of other employment and obtained a promise of another position.
We agree with counsel for the Administrator's contention that the obvious purpose of the statute is to provide benefits for those who become unemployed through no fault of their own. We further agree that an employee who voluntarily leaves a position of employment must do so for good cause connected with his employment under penalty of forfeiture of benefits payable under the act in question. Similarly we agree with the Administrator's contention *229 that to place the stamp of approval upon plaintiff's resignation is tantamount to encouraging low salaried employees to leave or decline employment and accept benefits instead, might be of some merit if we were herein concerned with a situation wherein the employee voluntarily began employment at a wage approaching that of the maximum benefit payable. Such an employee, of course, is not justified in resigning merely because he is paid low wages. The employee in such category having voluntarily agreed to work for a stipulated wage is not justified (under the terms of the statute) in leaving merely because his wages are in fact low. On the contrary, however, the case at bar involves an employee with fourteen years service or seniority who, due to circumstances utterly beyond his control, suffers an approximate 40% reduction in earnings. Our appraisal of the announced purposes of the statute in question leads to the conclusion that the intent thereof is to the effect that an employee subjected to a substantial decrease in earnings must be considered to have left such employment for good cause connected therewith. Any other result would, in our opinion, sanction a situation whereunder the employer could entirely foreclose the employee's right to benefits by the simple expedient of reducing the employee's wages to near benefit level instead of discharging or releasing the employee outright thereby at one and the same time compelling his resignation and rendering him ineligible for the benefits provided for in the act.
Likewise without merit is the contention of appellant that plaintiff may not be deemed to have resigned for cause in the absence of a showing that plaintiff first investigated the possibility and obtained a promise of other employment. No subject obligation in this regard is imposed upon an employee under the act. On the other hand, however, we note that LSA-R.S. 23:1601(3) (b) provides, inter alia, the following:
"* * * no work shall be deemed suitable and benefits shall not be denied under this Chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions: * * * (ii) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality * * *."
And in LSA-R.S. 23:1601(3) (a) we observe the following provision:
"In determining whether or not any work is suitable for an individual, the administrator shall consider * * * his experience and prior earnings * * *."
The unmistakable intent of the foregoing provisions is that no unemployed person shall be declared ineligible or disqualified from receipt of benefits under the act because of his refusal to accept employment in which his wages, hours or working conditions are substantially less favorable than those generally prevailing in the field of his particular endeavor. It would seem to follow that if an unemployed worker may not be denied benefits for refusal to accept employment under such conditions, we see no valid reason why an employer's creation of similar conditions should not constitute good cause for leaving connected with the employment within the meaning and intendment of the phrase "good cause connected with his employment" as used in Section 1601(1) of the statute.
The views herein expressed are in accord with the general rule prevailing in most jurisdictions. In Volume 165 A.L.R., Anno. Unemployment Compensation, at page 1386, et seq. the subject matter herein under consideration is discussed. Cited therein is the case of Bunny's Waffle Shop v. California Employment Commission, 24 Cal.2d 735, 115 P.2d 224, which held that a 25% reduction in wages imposed by an employer in a trade dispute was good cause for the employee's resigning his employment. The California Court therein stated the general rule to be that a substantial reduction *230 in wages is good cause for leaving a position of employment. Also cited therein is American Bridge Co. v. Unemployment Compensation Board of Review, 159 Pa.Super. 74, 46 A.2d 510, which held that under a similar Pennsylvania law an employee who formerly received compensation at the rate of 93 cents per hour was justified in refusing work which paid 50¢ hourly. Similar results were reached in Minnesota in Bowman v. Troy Launderers & Cleaners, 215 Minn. 226, 9 N.W.2d 506, which held that a person employed at a weekly wage of $24.00 for a 40 hour week was justified in refusing work of a different character for which he was not trained and which paid $20.00 per week for a 48 hour week. The same position was taken by the Courts of Idaho in Hagadone v. Kirkpatrick, 66 Idaho 55, 154 P.2d 181, wherein it was concluded that an employee receiving $2.00 an hour did not suffer disqualification for refusing to accept one position paying 88¢ per hour and another at 80¢ hourly.
The only case from our own jurisprudence cited by esteemed counsel for appellant, namely, Friloux v. Administrator, Division of Employment Security of the Department of Labor, La.App., 136 So.2d 99, is patently inapplicable to the case at bar. We have carefully perused said decision and find that it involves a situation wherein an employee voluntarily resigned his position because, in a period of seven weeks employment, he had worked with four separate crews in six different locations and objected to such constant changes. Additionally, the employee was advised that overseas employment he desired was not likely to materialize because of pending layoffs and opportunities for advancement were somewhat limited. In the course of its opinion in the Friloux case, supra, the court held that the employee's allegations of fraud on the part of the employer in reputedly misrepresenting wages, fringe benefits and working conditions, were without basis in fact. We are in agreement with our brothers of the Fourth Circuit who concluded that under such circumstances the employee was without justification in leaving his employment.
In disposing of a similar claim the Supreme Court of New York in its decision rendered May 23, 1961, entitled, In the Matter of the Claim of Arthur Sellers, Respondent, J. W. Mays, Inc., Appellant, Martin P. Catherwood, as Industrial Commissioner, Respondent, 13 A.D.2d 204, 215 N. Y.S.2d 385, cited and relied upon by able counsel for appellant bears no factual analogy to the case at bar. In the cited case the employee accepted work for which he received weekly wages in the sum of $52.00 and after receiving a raise to $55.00 weekly resigned because he considered the pay inadequate. Under such circumstances we agree that an employee having voluntarily accepted employment at a fixed wage can hardly justify his subsequent resignation on the ground of inadequacy of compensation after receiving an increase in his initial wages.
Judgment affirmed.