149 So.2d 188 (1963)
Thelma McGINNIS, Plaintiff-Appellant,
v.
W. J. MOREAU et al., Defendants-Appellees.
No. 757.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
*189 Rogers & McHale, by Robert McHale, Lake Charles, for plaintiff-appellant.
Jones, Kimball, Harper, Tete & Wetherill, by G. Allen Kimball, Lake Charles, Melvin L. Bellar and Marion Weimer, Baton Rouge, for defendants-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
By these proceedings the claimant seeks judicial review of an administrative determination. The administrative agency held that she was not entitled to unemployment compensation benefits because she had voluntarily left her employment without good cause.
*190 The claimant's employer, W. J. Moreau, and the Administrator of the Division of Employment Security were impleaded as opposing parties.
The trial court dismissed the claimant's suit for judicial review. By her appeal, the claimant contends that there was not sufficient evidence to support the administrative determination that she had voluntarily quit her job rather than had been fired.
The claimant and her employer had a disagreement concerning the amount of a Christmas bonus paid to her. The disagreement resulted when the claimant received a bonus less than that of another employee. At the administrative hearing, the uncontradicted evidence showed that the other employee had worked for longer than six months and was therefore entitled under a profit-sharing plan to receive the amount she did, whereas the claimant (who had worked for less than six months) was paid a bonus as a pure gratuity.
A claimant is disqualified from receiving unemployment compensation benefits if he leaves his employment without good cause connected therewith, LSA-R.S. 23:1601(1). Under this statutory provision, mere dissatisfaction with working conditions does not constitute "good cause" for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker's physical fitness, qualifications, earning ability, and the like. Flournoy v. Brown, La.App. 3 Cir., 140 So.2d 729; Robertson v. Brown, La.App. 1 Cir., 130 So.2d 226; Gilbert v. Hub City Iron Works, La.App. 3 Cir., 137 So.2d 359; Sewell v. Sharp, La.App. 2 Cir., 102 So.2d 259; 48 Am.Jur. "Social Security", § 35. Within the meaning of the statute, since there was here no discriminatory treatment or violation of any previous agreement or understanding, the claimant thus did not have "good cause" to leave her employment simply because she did not receive as large a Christmas gratuity as she had hoped for.
Under the present facts, therefore, the claimant's right to receive unemployment compensation depends upon whether she quit her job or whether on the other hand she was fired. (It is not contended that a discharge of her by her employer would have been based upon misconduct connected with her employment so as to disqualify her from receiving unemployment compensation benefits, LSA-R.S. 23:1601(2).)
At the administrative hearing, the claimant and her employer recollected differently as to whether, following their disagreement, the claimant had resigned or had been discharged from her employment. The administrative tribunal accepted the employer's version of the incident and held that the claimant had voluntarily quit her job.
Upon judicial review, the court must accept administrative determinations of fact "if supported by sufficient evidence * * *, and the jurisdiction of the court shall be confined to questions of law," LSA-R.S. 23:1634. Judicial review of administrative findings is thus ordinarily limited to determining (1) whether sufficient competent evidence supports the board's findings of facts and (2) whether, accepting valid administrative determinations of fact, the claimant is or is not under these facts legally entitled to unemployment benefits. Lee v. Brown, La.App. 3 Cir., 148 So.2d 321; Turner v. Brown, La.App. 3 Cir., 134 So.2d 384; 81 C.J.S. Social Security and Public Welfare § 232, p. 337.
The principal contention upon appeal of the claimant's able counsel is that the administrative determination is not supported by sufficient evidence that the claimant quit rather than was fired. Counsel points out that, as the trial court noted, the evidence is susceptible to either interpretation. *191 Counsel then urges that both the administrative agency and the courts are required to accept the most favorable to the claimant of two reasonable interpretations of the evidence.
Counsel bases this argument upon jurisprudence holding that the claimant is entitled to unemployment compensation unless the contrary be shown, and that the employer bears the burden of proving that the claimant is disqualified from receiving unemployment compensation. See, e. g., Lee v. Brown and Turner v. Brown, cited above. This jurisprudence, of course, refers to the standard of proof required at the administrative hearing and also to the legal standard to be applied in determining whether specified conduct constitutes a disqualification. This jurisprudence does not, however, require the administrative tribunal to accept the claimant's version of the accident over the employer's, nor does it furnish a guide as to judicial review of factual determinations made by the administrative agency after proper application of pertinent legal principles.
The 1958 legislative amendment of LSA-R.S. 23:1634 to provide that administrative determinations of fact must be supported by "sufficient" evidence constituted a legislative codification of the jurisprudence holding that administrative findings must be supported by "legal, competent, and sufficient proof". Huddleston v. Brown, La.App. 2 Cir., 124 So.2d 225; cf., Comment, "Unemployment Compensation in Louisiana", 19 L.L.Rev. 448, 472 (1959). The requirement that the administrative findings be supported by "sufficient" evidence does not, however, import that the court must determine whether such findings are in the court's opinion supported by a preponderance of the evidence at the administrative hearing:
"Thus, it is not a function of the court to weigh the evidence, resolve conflicts in the testimony, determine the credibility of the witnesses, or to decide what inferences are to be drawn from the evidence. The court may not revaluate the evidence or substitute its own judgment on the facts for that of the administrative agency. * * * [A]dministrative determinations of fact are conclusive unless wholly without evidential support, or wholly dependent on a question of law, or clearly arbitrary or capricious. * * * Thus, a finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact found could fairly be drawn." 81 C.J.S. Social Security and Public Welfare § 232c, pp. 341-342, 344.
With regard to the present record, the employer's testimony at the administrative hearing can reasonably be construed as stating that the claimant had voluntarily resigned from her employment. Applying the above principles, the administrative determination of fact to such effect is supported by sufficient evidence, as statutorily required. On judicial review of a question of fact, the court will look no further.
As counsel notes, the claimant herself testified to the contrary; also, the evidence could reasonably be construed as resulting from a mutual misunderstanding of the other's conversation by two equally sincere and well-intentioned people. Nevertheless, the courts will not upset a factual determination by an administrative agency based upon the acceptance of one of two or more opposing versions of an incident by opposing witnesses; and, when the evidence at an administrative hearing is open to several reasonable constructions, the courts will accept that construction of the evidence which the administrative agency has reasonably made in reaching its factual determination. Wilson v. Brown, La.App. 2 Cir., 147 So.2d 27 (Number 9776); Vandike v. Brown, La.App. 3 Cir., 139 So.2d 803; Wiseman v. Brown, La.App. 1 Cir., 125 So.2d 657.
For the foregoing reasons, the judgment of the District Court dismissing the claimant's suit is dismissed, at her cost.
Affirmed.