CULPEPPER, Judge.
Plaintiff was disqualified for unemployment compensation by a decision of the Board of Review of the Division of Employment Security for his failure, without good cause, to accept suitable work offered him as required by LSA-R.S. 23:1601(3). The claimant filed this suit seeking judicial review. The district court affirmed the ruling of the Board of Review. Plaintiff has now- appealed.
The record shows that the Board of Review gave the following findings of fact and reasons for disqualification of the claimant:
“The claimant has been a member of the Local Labor Union Number 1229 AFL-CIO, since July, 1961. He has been accepting work through the Union since becoming a member of the Union.”
“On October 29, 1962, the claimant and three other members of the Union were sent on a job by the Union to L.S.U., Alexandria, Louisiana. The claimant and the others reported on the job referral. The job was to consist of labor work in removing forms from concrete. One of the four referred employees told the ‘boss man’ at the job site that they didn’t want the job. The claimant and tire other three referred employees returned to the Union hall. The Union business representative fined each of the four members, including the claimant, $25.00 each and informed them that they would not be sent on another job until they had paid the fine. The claimant would have paid the fine but he did not have the money.
“OPINION
“R.S. 23:1601(3) provides that a claimant shall be disqualified for failing, without good cause to apply for available, suitable work when so directed or to accept suitable work when offered. This disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
*735 “The claimant was sent to available, suitable employment by the proper authorities. The claimant had been accepting employment through the Union since July 1961. The claimant through his actions did not accept the employment and as a result was fined for not accepting the employment. That the claimant did not accept the employment and should be considered at fault is borne out by the fact that he would have paid the fine assessed him had he been able to. The facts clearly show that the claimant refused available, suitable employment and is therefore correctly disqualified.”
The scope of our review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which reads in pertinent part as follows: “ * * * in any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. % Jjc ‡ »
Appellate decisions have interpreted this statute as meaning that the court must accept the Board of Review’s finding of fact where there is sufficient legally acceptable evidence to support it (Turner v. Brown, 134 So.2d 384—3rd Cir.App.1961); when the evidence in the record is open to various constructions supported by sufficient evidence, the reviewing court must accept the finding of the agency (Wilson v. Brown, 147 So.2d 27—2nd Cir.App.1962); the court may review the question of whether the Board has correctly applied the law to the facts found (McGinnis v. Moreau, 149 So.2d 188—3rd Cir.App.1963).
We think the record in this case contains sufficient evidence to justify the factual findings of the Board and we think further that the Board has correctly applied the law to these facts. Plaintiff’s first contention is that the Board erred in finding he refused to accept the work. However, the testimony of plaintiff himself at the hearing shows that when the “boss man” at the job site came up and showed plaintiff and his companions the work and asked if they wanted the job, plaintiff stood silent and allowed one Burl Green to speak for him in refusing the work. Plaintiff said nothing. Instead he turned away and went with the other three men back to their car and thence back to the Union hall. The foreman had .to call for additional laborers from the Union. We think this evidence is sufficient to support the Board’s finding that plaintiff refused to accept the work.
Plaintiff’s next contention is that the Board erred in finding the work offered was suitable, within the meaning of LSA-R.S. 23:1601(3), which provides that in determining whether the work is suitable the Board must consider “ * * * the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment, and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.” The record shows that plaintiff was a common laborer, 44 years of age and there is nothing to show that he was not in good health. Plaintiff himself testified that this was common labor work of the type to which lie was accustomed. The job site was only IS miles from the Union hall. Plaintiff’s excuse that he had to ride back to town with his companions was not accepted by the referee or by the Board of Review. We think there is sufficient evidence to support the Board’s conclusion of fact that this was suitable work.
We think the Board of Review has correctly applied to the facts the provisions of LSA-R.S. 23:1601(3).
Plaintiff has called to our attention that the district court judgment has assessed him with the costs of court. LSA-R.S. 23 :1692 clearly provides that no claimant for unemployment compensation benefits will be charged any fees or costs of any *736 court unless the proceedings for judicial review have been instituted or continued frivolously. See Holmes v. Brown, 147 So.2d 25 (2nd Cir.App.1962). We do not think these proceedings are frivolous. Therefore, the judgment appealed must be amended so as to relieve the plaintiff of the payment of court costs.
For the reasons assigned, the judgment appealed is amended so as to relieve the plaintiff of the payment of any costs of court. Otherwise than as herein amended, the judgment is affirmed.
Amended and affirmed.