CULPEPPER, Judge.
Plaintiff appeals from a judgment of the district court affirming a ruling of the Louisiana Board of Review, Division of Employment Security, which disqualified plaintiff from the receipt of unemployment compensation benefits.
*376 The findings of fact and opinion of the Board of Review were as follows:

“FINDING OF FACT

“The above named claimant filed a new claim for benefits on June 25, 1963. He stated that he had left work because he had to go to the hospital. The employer advised the Agency that the claimant had left employment to go into business for himself and that he was still self employed. The Agency questioned the claimant concerning his leaving employment and he stated that he had left because the employer was too hard to get along with and there was no other reason. The Agency issued a determination assessing a disqualification and the claimant appealed.”
“A hearing was conducted in the office of the Louisiana Division of Employment Security, Alexandria, Louisiana, on August 9, 1963. The claimant was present. The employer was represented by Mr. Morris Harwell, President.
“The claimant worked for this employer from August 29, 1962 to March 23, 1963. He performed the duties of a routeman and was paid a weekly salary of $85.00. The claimant became ill and was hospitalized for a period of five days after which he returned to work and worked an additional thirty days. Two weeks prior to his leaving work the claimant gave his employer two weeks notice, stating that he could no longer work for the pay he was receiving. The claimant had been offered other employment as a self employed fishing bait stand operator. The claimant left his employment with this employer and became the operator of a fishing bait stand on a commission basis. After three months period the claimant decied to file his claim for unemployment insurance benefits although he was still self employed as a fishing bait stand operator at the time of the hearing.

“OPINION

“R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving work without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
“The claimant has alleged a number of reasons for the reason he left his employment, (1) that his health was bad, although there is no medical evidence of this fact, (2) that the work was excessive, that is debatable, and (3) to go into business for himself. It is noted that he did become self employed and is still self employed. Due to this fact it must be found that his primary reason for leaving this employer was to become self employed. This is considered to be a personal reason and in no way connected with the employment.”
LSA-R.S. 23:1634 provides in pertinent part that “ * * * In any proceeding under this Section the findings of” “the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” In the recent case of Reed v. Brown, 159 So.2d 733 (3rd Cir. App.1962) we noted the jurisprudence under this statute holding that the court must accept the finding of fact of the Board of Review where there is sufficient legally acceptable evidence to support it and that, when the evidence in the record is opened to various constructions supported by sufficient evidence, the reviewing court must accept the finding of the board.
A brief review of the record shows that when plaintiff filed his claim for unemployment compensation on June 25, 1963 he stated he was no longer working because: *377 "I had to go to hospital and was off for sickness but can work now.” On receipt of notice of plaintiff’s claim, the employer filed a statement that: “He gave us a two week notice that he was going into business for himself. Since then he has been operating a bait stand at 1933 Lower Third Street. We have no knowledge of his alleged sickness or hospital stay since leaving here as he made no mention of any disability upon leaving.” When plaintiff was first interviewed by a representative of the Division of Unemployment Security, he stated: “I left because he (my boss) was too hard to get along with. I left for no other reason.” On this basis a determination was made by the agency that plaintiff had quit his employment without good cause. Plaintiff then filed a notice of appeal in which he stated that he quit because “When I came out of the hospital the man put more work on me than I could stand.”
At the hearing before the Referee, plaintiff testified that during the early part of February, 1963 he was in the hospital for five days with a stomach ulcer but on his release he went back to his same job of driving a truck and handling large oxygen cylinders. He worked for a period of 30 days and quit on March 23, 1963 because he was in bad health and couldn’t handle the heavy oxygen cylinders. He stated he left his employment to do lighter work running a bait stand. But, this venture was unsuccessful and after three months he had to file his claim for unemployment compensation.
During the hearing the Referee pointed out that plaintiff’s contention he had to quit because he couldn’t handle the heavy cylinders was made for the first time at the hearing, was unsupported by medical opinions or any other evidence and was in conflict with his previous statements. A representative of plaintiff’s employer testified plaintiff gave them two weeks notice and told them he was quitting in order to go into business for himself running a bait stand, not because he was in ill health or unable to handle the heavy cylinders.
From this resume of the evidence it is apparent that there was sufficient legally acceptable evidence to support the Board’s finding of fact that plaintiff’s “ * * * primary reason for leaving this employer was to become self employed.”
Having concluded the facts to be that plaintiff quit his employment to go into business for himself, it follows as a matter of law that his leaving was not for good cause connected with his employment. We do not understand that plaintiff seriously contends the law is otherwise. For cases supporting our conclusion see Bruce R. Perry v. Richard E. Brown, Jr., Administrator, 162 So.2d 444 (3rd Cir. App.1964) ; McGinnis v. Moreau, 149 So.2d 188 (3rd Cir. App.1963); Robertson v. Brown, 139 So.2d 226 (1st Cir. App.1962) ; Flournoy v. Brown, 140 So.2d 729 (La.App).
For the reasons assigned the judgment appealed is affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.