162 So.2d 444 (1964)
Bruce R. PERRY, Plaintiff and Appellant,
v.
Richard E. BROWN, Jr., Administrator, Division of Employment Security, et al., Defendant and Appellee.
No. 1101.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1964.
Rehearing Denied April 15, 1964.
Writ Refused May 27, 1964.
C. O. Brown, Alexandria, for plaintiff-appellant.
Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is an appeal by Bruce R. Perry from a judgment of the district court which affirmed a decision of the Louisiana Board of Review, Division of Employment Security, disqualifying plaintiff from receipt of unemployment compensation benefits.
The record reveals the following findings of fact and opinion of the Board of Review:
"The claimant worked for this employer approximately eighteen months. He was employed as a magazine salesman on a commission basis. He worked a territory which consisted of North Louisiana and East Texas. After working a period of eighteen months, the claimant decided that he was unable to earn a living at the employment he was performing. His personal expenses were such in nature that his net earnings were from $10.00 to $40.00 per week. He did not feel that this justified his continued employment and he informed his employer that he was leaving because he could not earn a living."

*445 "OPINION

"[LSA-]R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving work without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
"The claimant felt that his earnings in this employment, which was of an eighteen months duration, were not sufficient. It is noted that after all his personal expenses were taken care of, he was netting from $10.00 to $40.00 per week at this employment. The earnings of the claimant were suitable for the type of work he was performing. The leaving of available, suitable employment to seek other employment of a more remunerative nature is considered to be a leaving without good cause connected with the employment."
In the recent case of Reed v. Brown, 159 So.2d 733 (3rd Cir.App.1962) we set forth the general rules for the court's review of these matters as follows:
"The scope of our review of a decision of the Board of Review is limited by LSA-R.S. 23:1634 which reads in pertinent part as follows: `* * * in any proceeding under this Section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *'
"Appellate decisions have interpreted this statute as meaning that the court must accept the Board of Review's finding of fact where there is sufficient legally acceptable evidence to support it (Turner v. Brown, 134 So.2d 3843rd Cir.App.1961); when the evidence in the record is open to various constructions supported by sufficient evidence, the reviewing court must accept the finding of the agency (Wilson v. Brown, 147 So.2d 272nd Cir. App.1962); the court may review the question of whether the Board has correctly applied the law to the facts found (McGinnis v. Moreau, 149 So.2d 1883rd Cir.App.1963)."
In the present case plaintiff was the only witness at the hearing. He testified substantially to the facts as set forth in the above quoted portion of the Board's decision. There is no question that the evidence fully supports the findings of fact made by the Board.
It is apparently plaintiff's contention that the Board committed an error of law. He contends that even though he tried the job for 18 months, he was unable to earn sufficient commissions to live on and he therefore had good cause to quit. In the recent case of McGinnis v. Moreau, 149 So.2d 188 (3rd Cir.App.1963) we held as follows:
"A claimant is disqualified from receiving unemployment compensation benefits if he leaves his employment without good cause connected therewith, LSA-R.S. 23:1601(1). Under this statutory provision, mere dissatisfaction with working conditions does not constitute `good cause' for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker's physical fitness, qualifications, earning ability, and the like. Flournoy v. Brown, La.App. 3 Cir., 140 So.2d 729; Robertson v. Brown, La. App. 1 Cir., 139 So.2d 226; Gilbert v. Hub City Iron Works, La.App. 3 Cir., 137 So.2d 359; Sewell v. Sharp, La. *446 App. 2 Cir., 102 So.2d 259; 48 Am.Jur. `Social Security', § 35. Within the meaning of the statute, since there was here no discriminatory treatment or violation of any previous agreement or understanding, the claimant thus did not have `good cause' to leave her employment simply because she did not receive as large a Christmas gratuity as she had hoped for."
Here there is no evidence whatever that plaintiff's dissatisfaction with his job was caused by any unfair, discriminatory or arbitrary treatment. There was no change in the original agreement as to wages. Actually, plaintiff was earning about the same when he quit, as he had throughout the 18 months, i. e., $10 to $40 per week over expenses.
In Robertson v. Brown, 139 So.2d 226 (1st Cir.App.1962) the plaintiff was an employee with 14 years service, who suffered a 40% reduction in earnings when the business for which he worked changed ownership and certain changes in his employment agreement were made. The court found he had good cause to quit, but, in doing so, stated that the result would be different as to an employee who suffered no change in wages. The court stated:
"Such an employee, of course, is not justified in resigning merely because he is paid low wages. The employee in such category having voluntarily agreed to work for a stipulated wage is not justified (under the terms of the statute) in leaving merely because his wages are in fact low."
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGE, Judge (dissenting).
I respectfully dissent from the Court's denial of a rehearing.
The question in this case is, should a person be denied unemployment compensation benefits when he finds it necessary to quit his job because his wages are too low? It is my opinion that he should not be denied benefits on such grounds.
It has been repeatedly held by our Courts that the Employment Security Act constitutes social and economic legislation which should be liberally interpreted. Smith v. Brown, La.App. (2nd Cir.), 147 So.2d 452 and cases cited therein. The holding in the present case does not appear to be within the spirit of this rule.
I realize that our brothers in the First Circuit, in Robertson v. Brown, La.App., 139 So.2d 226, indicated that an employee who quits his work because he is earning low wages is not eligible for unemployment compensation benefits. But that indication in the Robertson case, which was relied on by the majority in the present case on original hearing, was merely dictum. Furthermore, the issue in the present case has never been before our Supreme Court. Thus, the question is res nova in our state. Because of this, I feel that the plaintiff is at least entitled to have his case heard en banc by this Court.