CULPEPPER, Judge.
This is a suit for judicial review of a decision of the Board of Review of the Division of Employment Security. (LSA-R.S. 23:1634) The district judge held claimant had left his employment without good cause. (LSA-R.S. 23:1601(1)) Claimant now appeals.
When Garsaud, a former salesman of Morock Ford, Inc., first filed his claim the agency denied benefits for the following reasons:
“ ‘You left your last job because you were put on a commission basis after 2 months. You only worked on a commission basis for one week. You failed to give this job a fair trial. This is considered leaving without good cause connected with your employment.’ ”
On an appeal filed by the claimant, the appeals referee reversed the initial agency determination and allowed benefits. The decision of the referee was subsequently affirmed by the Board of Review, following which this suit was filed by the employer for judicial review.
*346 There is no dispute as to the facts. Claimant was initially told by Morock Ford, Inc. that his earnings would be based on a straight commission of sales. However, during the first week of his employment he was informed that the company had a policy of allowing new salesmen a $300 a month guarantee in salary for 60 days, after which he would be paid on a strictly commission basis. During the first month claimant earned $401 in commissions and during the second month $300, for a total of $701, which was in excess of the $600 guarantee. In the first week of the third month, after claimant had been put on a strictly commission basis, he told Mr. Mo-rock he was resigning because he “couldn’t make a car salesman.” In his testimony at the hearing claimant gave the following reasons for his resignation:
“But it is just one of those things, where that a man realizes what he can do and what he can’t do. And as I said before, there, a salesman is not something that you can learn overnight. Now, when I am learning, I might not be selling nothing. And that’s what I was having into consideration. I got a family to support. I can’t just do it on just make one good month, and not make good the next month. I have to know what I am gonna make, approximately what I’m gonna make so I can support a family.”
A general statement of the applicable law is found in 81 C.J.S. Verbo Social Security and Public Welfare § 170, p. 258, as follows:
“Thus, under provisions disqualifying an employee from benefits where he leaves his employment voluntarily without good cause connected with his work, an employee is not entitled to unemployment compensation where he leaves because of dissatisfaction with the compensation provided for in the employment agreement, no changes or increased burdens having been imposed by the employer after the contract was executed.”
The above quoted general rule was followed by this court in the recent case of Perry v. Brown, 162 So.2d 444 (3rd Cir.App.1964, writ of certiorari refused), in. which a magazine salesman quit his work because he was not earning enough commissions. The facts showed the commissions being earned at the time of resignation were about the same as those which, he had earned over the 18 months of his-employment. We held that mere dissatisfaction with wages and working conditions-did not constitute “good cause” for leaving employment, where there had been no-change in the original employment agreement and there had been no unfair, discriminatory or arbitrary treatment by the-employer. See also McGinnis v. Moreau, 149 So.2d 188 (3rd Cir.App.1963); Robertson v. Brown, 139 So.2d 226 (1st Cir.App.1962).
We think our decision in the Perry case,, supra, is controlling here.
Claimant seeks to distinguish the: Perry case on the grounds that there claimant worked 18 months before quitting,, whereas here, he went to work only on a 2-month trial basis. We think it is immaterial whether the claimant was working-on a “trial basis” or not. The tests for-determining whether a claimant leaves his-employment without good cause are the same in either case. The statute makes no-exception for employment on a trial basis. No case has been cited to support such a distinction.
Claimant also urges he had good cause to quit because the work was not suitable for him. With regard to suitability of work, LSA-R.S. 23:1601(3) (a) provides-as follows:
“In determining whether or not any work is suitable for an individual, the administrator shall consider the degree of risk involved to his health, safety *347 .•and morals, his physical fitness and -prior training, his experience and prior •earnings, his length of unemployment .and prospects for securing local work in his customary occupation, and the distance of the available work from .his residence.”
Under these statutory provisions •claimant contends he lacks the prior training, experience and ability to earn a living .as a car salesman on a purely commission :basis. This is a purely subjective decision •on his part. The record does not show .anything with reference to claimant’s training, experience or earnings previous to his -employment by Moroclc, except that while living in New Orleans at one time he worked on a part-time basis selling stainless ■steel cookware. The record does show that ■during the first month with Morock he • earned $401, and during the second month '$300, making a total of $701 in commissions •earned. This was in excess of the guaranteed salary of $600 for the 2 months. Of -course, it would be pure speculation to try -to predict what commissions plaintiff would 'have earned during the third or successive months. But, outside of his purely subjective decision that he “couldn’t make it ••as a car salesman” there is absolutely no • evidence in this record that the work was -unsuitable considering his health, training, •experience or previous earnings.
For the reasons assigned, the judgment .appealed is affirmed.
Affirmed.