PRICE, Judge.
Lee Roy Cosby appeals from a judgment affirming his disqualification for unemployment insurance benefits upon a finding that his decision to retire from the Internal Revenue Service does not constitute good cause for leaving one’s employment as required by La.R.S. 23:1601(1). We affirm.
In February 1979 appellant voluntarily retired from his job as an agent of the IRS at the age of 56 years and after working there for over 30 years. The reason appellant assigned for taking early retirement was because of job pressure and “the uncertainty of the future of the retirement system for those employed by the U.S. Government.” His application for unemployment compensation benefits was rejected. The appeals referee made a finding of fact that the “claimant voluntarily retired from his employment because of pressures of his job. His leaving was not recommended by a doctor and his decision was based on his own option.” The referee concluded that Cosby left his employment under disqualifying circumstances and that the determination issued by the agency was correct. This ruling was affirmed upon appeal to the district court.
The scope of judicial review is set forth in R.S. 23:1634 stating in part:
... In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.. ..
The issue on this appeal is whether voluntary retirement because of job pressures constitute “good cause” for leaving one’s employment.
Appellant contends that his retirement from the IRS, although “voluntary” was due solely to extreme job pressures, and therefore was for good cause connected with his employment. The nature of the pressure described by Cosby allegedly began in 1977 after the Civil Service Reform Act was passed, providing that a manager of an IRS unit was to be evaluated upon the productivity of the unit he managed. Cosby contends that he “was scorned for not sacrificing quality” of work for expediency. He claims he became concerned that this procedure would lead to an inadvertent omission of vital information on a tax return that would leave him liable for punishment under the Internal Revenue Code. He alleges the pressure was making him nervous and began affecting his health.
We find there is sufficient evidence in the record to support the decision appealed. We note, as did the appeals referee, that although appellant claimed that the pressure of his job was affecting his health, he never sought treatment from a medical doctor and therefore his retirement was not recommended by a physician.
For the foregoing reasons the judgment of the district court is affirmed at appellant’s cost.