400 So.2d 311 (1981)
Cyrille Leonard SALVANT
v.
Thomas M. LOCKWOOD, et al.
No. 11926.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Rehearing Denied July 13, 1981.
*312 Adams & Reese, Mark C. Surprenant, Oscar L. Shoenfelt, III, Rebecca Bush, New Orleans, for defendant-appellee Herald Life Ins. Co.
Albert L. Dart, New Orleans, for plaintiff-appellant.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
Plaintiff appeals from the trial court's judgment affirming the decision of the Board of Review of the Department of Employment Security. The Board of Review had upheld a determination by the Appeals Referee disqualifying Cyrille Leonard Salvant from receipt of unemployment compensation benefits for the reason that he had voluntarily resigned "without good cause connected with his employment"[1] from his sales representative job with Herald Life Insurance Company.
According to Salvant, because he was compelled to pay his employer any shortages in collections in order to balance his account and was required to pay the employer four paychecks and an additional $222.00, he was being deprived of salary and wages. Salvant claims this requirement constituted good cause for his resignation entitling him to unemployment compensation benefits. We do not agree. Accordingly, we affirm.
At the time plaintiff commenced employment, approximately two years before his resignation, and during the time of that employment, he was aware that if his collection account were "short" he would be required to make payments to balance the account. In this connection plaintiff testified:
"MR. CRAYON: Did you understand at the beginning of your employment alright that at any time during the course of the training period that if your account was short that you would have to make the shortage good?
CLAIMANT: Yes, I understood that."
Resignation by an employee for dissatisfaction with his compensation where no changes or increased burdens have been imposed by an employer during the course of his employment does not constitute "good cause" for leaving his employment which would entitle him to unemployment compensation benefits. See Morock Ford, Inc. v. Garsaud, 168 So.2d 345 (La.App. 3rd Cir. 1964); Perry v. Brown, 162 So.2d 444 (La.App. 3rd Cir. 1964). See also, Ellis v. Doyal, 330 So.2d 370 (La.App. 4th Cir. 1976) where we concluded that refusal by an employer to grant a wage increase did not furnish the employee with "good cause" to terminate his employment.
Under the circumstances, we find no error in this claimant's disqualification from receipt of unemployment compensation benefits. The judgment is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 23:1601(1) reads as follows:

"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the unemployment insurance law of any other state or the United States, equivalent to at least ten times his weekly benefit amount following the week in which the disqualifying act occurred and (b) has not left his last work under disqualifying circumstances."