464 So.2d 33 (1985)
JANTZEN OF LA., INC., Plaintiff-Appellant,
v.
C.J. BLACHE, Administrator of the La. Office of Employment Security and Elizabeth Verrett, Defendants-Appellees.
No. 84-52.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Rehearing Denied March 8, 1985.
*34 H. Sloan McCloskey of Baldwin & Haspell, New Orleans, for plaintiff-appellant.
James A. McGraw, Denise A. Nagel, Baton Rouge, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
DOUCET, Judge.
Jantzen of Louisiana, Inc., (Jantzen) plaintiff-appellant, appeals the lower court's holding that the Louisiana Board of Review was correct in concluding that Elizabeth Verrett, defendant-appellee, is qualified for unemployment compensation.
Ms. Verrett worked for Jantzen from October 17, 1978, to May 12, 1982, as a sewing machine operator attaching pockets on tennis trunks. Jantzen employs a "piece rate" system in fixing an employee's salary which is determined by how many items of clothing she can complete in a given period of time. The underlying reason for using this system is to provide an employee with incentive to make extra pay by increasing productivity. However, the system is designed to penalize an employee for sacrificing the quality of her work in her efforts to complete more pieces.
In April of 1982 a study was conducted by the engineering staff on the standard rate of pay of completed pieces of the operation performed by Ms. Verrett. The study concluded that Ms. Verrett was capable of a 166% completion rate on the old standard rate of .95 per piece and suggested that the rate be set at .54 at which it was determined that Ms. Verrett was capable of producing at 144%. This reduction in the standard rate meant that Ms. Verrett would have to work harder and complete more pieces in order to maintain her previous salary.
It is difficult to ascertain a fixed rate of pay because the number of completed pieces in a given pay period would obviously vary. But according to Ms. Verrett's payroll records, she averaged between $5.02 and $7.12 per hour before the study, and after the rate was set at .54 she averaged only between $3.40 and $3.63 per hour. Therefore, although a precise wage *35 determination is impossible, it seems clear that she was unable to maintain a level of productivity that would prevent a cut in wages.
On May 12, 1982, Ms. Verrett quit her job and filed for unemployment compensation. The Office of Employment Security found that she left her job for "good cause" which qualified her for compensation. Jantzen appealed to the Appeals Referee who also found that the unusual circumstances surrounding her cut in pay constituted "good cause" for leaving work. Jantzen appealed this decision to the Louisiana Board of Review which affirmed the Referee's findings and held that she was entitled to compensation. Jantzen then petitioned the 13th Judicial District Court for a judicial review of the case. After a hearing, the trial court rendered a judgment in favor of the Office of Employment Security and Ms. Verrett. From this decision, Jantzen has perfected this appeal.
The issue presented for review on this appeal is whether the trial court was correct in affirming the decision of the Louisiana Board of Review which found that Ms. Verrett left her employment for good cause which entitled her to unemployment compensation. The Legislature has expressly and severely limited appellate review of cases arising under the Louisiana Employment Security Law. La. Const. of 1974, Art. V, Sec. 10(B). LSA-R.S. 23:1634 provides for judicial review of the decision of the Board of Review as follows:
"... In any proceeding under this Section the finding of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (emphasis supplied)
In interpreting the standard of review mandated by LSA-R.S. 23:1634, our Supreme Court has said:
"... there must be legal and competent evidence to support the factual findings on which the administrative determination turns." Banks v. Administrator of Department of Employment Security of State of Louisiana, 393 So.2d 696 (La.1981).
Thus this judicial review of the findings of the Board of Review is strictly limited to a determination of whether the facts are supported by competent evidence and, second, whether the facts, as a matter of law, warrant the action taken. Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir. 1982).
LSA-R.S. 23:1601 provides that an individual shall be disqualified from receiving unemployment compensation benefits if he leaves the employment without good cause connected with his employment. The jurisprudence has interpreted a substantial reduction in wages from the wage rate in existence when the employment commenced to be a demonstration of good cause for leaving a job. McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir.1963); Robertson v. Brown, 139 So.2d 226 (La. App. 1st Cir.1962).
The appellant contends that although Ms. Verrett's standard rate was reduced, her potential pay rate was not diminished because she had the opportunity to maintain her salary level by simply working harder. The appellant argues that it cannot be responsible for an employee's lack of motivation to maintain her pay and that in fact there was no wage reduction at all. The appellant cites from the record certain indications that Ms. Verrett was bitter and resentful about job assignments and suffered from a general "bad attitude". These arguments are without merit.
After reviewing the record we find that the Louisiana Board of Review was correct in interpreting this unusual wage rearrangement as a reduction in pay. All of the parties agree that a study was conducted which resulted in a reduction of the standard rate from .95 to .54 which resulted in a reduction of the pay rate for the work performed by Ms. Verrett. Furthermore, the payroll record of Ms. Verrett clearly shows that she suffered a substantial *36 reduction in pay. Thus, the facts are clear: Ms. Verrett suffered a reduction in pay. The issue is who is responsible for this reduction. We hold that the employer in this case was responsible for the reduction. To hold otherwise would put the employee in the untenable position of having to drastically increase productivity to impossible levels in order to avert a cut in pay. Therefore, Ms. Verrett's pay was substantially reduced by her employer and the La. Board of Review's conclusion to this effect is supported by the evidence.
Because we hold the decision of the Board of Review that Ms. Verrett suffered a reduction in pay is correct, it was also correct in deciding that Ms. Verrett had good cause for leaving her employment. Thus the trial court was correct in affirming the Board's decision that Ms. Verrett is entitled to employment compensation benefits.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.