DUFRESNE, Judge.
In this unemployment compensation case, Lloyd W. Blanke, Jr. appeals from the trial court’s judgment affirming the denial of his claim for benefits by the Board of Review of the Louisiana Division of Employment Security.
Finding that Lloyd W. Blanke, Jr. (claimant) did not leave his employment for good cause, we affirm.
Blanke began employment with Standard Brands Company (Standard Coffee) on September 6, 1955. In March 1982, Standard Coffee was purchased by Chase & Sanborn Coffee. Shortly thereafter, Chase & San-born consolidated three positions into one. Blanke was promoted to Quality Control Manager with respective responsibilities and duties of this position. Blanke’s pay status was increased as a result of the corporate change. He became a salaried employee at $26,700 per year without the benefit of overtime, even though he worked over forty (40) hours per week.
Immediately after the take-over by Chase & Sanborn, Blanke was advised of the additional work load and increased man hours. After considering these facts, Blanke accepted the promotion and assumed his newly created employment position.
In June 1982, Blanke requested a salary increase and his supervisor agreed to consider giving him a raise in three or four months. Blanke notified his employer that he was terminating his employment effec *333 tive September 9, 1982, due to his dissatisfaction with duties and salary. He then sought unemployment compensation benefits and stated the reasons for his leaving his employment at the compensation hearing as follows:
“I do not get paid overtime, just straight salary no matter how long it takes me to do the work. Prior to the increase in duties, I was working 40 hours per week, 8 hours per day. After the position was consolidated, my responsibilities more than doubled. I could work 12 hours per day, 7 days per week, and still not be able to keep up. The increase in salary of only $2,000.00 per year was not nearly enough. Also, I was just unable to do all the work required. I complained on numerous occasions that help was needed, but I was told nothing could be done. After doing my best for four months, I just couldn’t continue at that pace any longer and resigned.”
After reviewing the factual findings of the Appeals Referee and the Louisiana Board of Review, and considering the legal principles involved, the trial court affirmed the decision of the Louisiana Board of Review and entered judgment against Blanke, denying any benefits.
The trial court found that a claimant is disqualified from receiving unemployment compensation benefits if he leaves his employment without good cause connected therewith. LSA-R.S. 23:1601.
From this judgment Blanke has appealed.
The basis of Blanke’s argument is the interpretation of LSA-R.S. 23:1601(1), which provides as follows:
“An individual shall be disqualified for benefits: (1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment.”
Our main determination here is whether Blanke had good cause to terminate his employment.
The record reflects that Blanke accepted the promotion being well advised of the additional duties as well as the hours, and furthermore was informed he was to be considered part of management.
He received and accepted a promotion, coupled with an increase in pay of $2,000.00 per year.
The scope of our review of a decision disqualifying an employee from unemployment compensation benefits is limited to questions of law and whether the decision is supported by sufficient evidence. LSA-R.S. 23:1634; Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982).
We find that Blanke voluntarily left his employment when work was available. He had the opportunity to follow his longtime employment but disliked the particular work obligations and his notices for refusing to work were entirely personal. His dissatisfaction with his employment duties was not based upon substantial changes in hours or working conditions, and his pay was adequate and in accord with his duties. The employer’s actions did not create a substantial burden upon Blanke; and Blanke failed to prove good cause for terminating his employment.
We further conclude, as well as follow the decisions of other courts in this State, that an employee’s voluntary leaving of his employment purely because of dissatisfaction with his compensation where there is no substantial change of job duties is not “good cause”. Furthermore, Blanke was fully aware of these changed conditions and accepted this new position.
The jurisprudence has consistently held that resignation by an employee for dissatisfaction with his compensation where no changes or increased burdens have been imposed by an employer during the course of his employment does not constitute “good cause” for leaving his employment which would entitle him to unemployment compensation benefits. Salvant v. Lockwood, 400 So.2d 311 (La.App. 4th Cir., 1981).
*334 Since the record amply supports the administrative decisions, we cannot say the administrative tribunals or the trial court erred in concluding that Blanke is ineligible to receive unemployment compensation benefits. Accordingly, we find that Blanke left his employment without good cause and affirm the judgment of the trial court.
AFFIRMED.