475 So.2d 85 (1985)
W.L. NASON, Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF EMPLOYMENT SECURITY and City of Bastrop, Defendants-Appellees.
No. 17111-CA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
Rehearing Denied September 20, 1985.
Writ Denied November 15, 1985.
*86 Jerry L. Jones, Monroe, for plaintiff-appellant.
Charles G. Gladney, Bastrop, for defendants-appellees.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
Plaintiff, W.L. Nason, a former Bastrop firefighter, appeals the ruling of the district court upholding a decision of the Board of Review of the Office of Employment Security which denied him unemployment benefits. We reverse.
The facts are not in serious dispute. The appellant resigned his employment with the Bastrop Fire Department on May 16, 1983 after approximately seven years as a firefighter. When he quit the appellant received $1,022.28 per month from the city of Bastrop and an additional $260.00 per month from the state of Louisiana for approximately a 56-hour work week.
At the time he accepted employment with the Bastrop Fire Department the appellant was required to pay seven percent of his salary into a private retirement fund but was told that he would not be required to make social security payments. However, approximately one year prior to Mr. Nason's resignation, it became necessary that 6.8 percent of his salary be withheld for social security. Subsequent to his inquiry, Mr. Nason was advised that it would be necessary to deduct social security payments from his paycheck for approximately eighteen months through December, 1983, at which time the Bastrop firefighters would be able to withdraw from the social security system. However, during April of 1983, Congress precluded withdrawal by municipalities from social security by the passage of Public Law 98-21 on April 24, 1983 as codified at 42 U.S.C. § 418(g).
Additionally, at the time of his employment, appellant was advised that hospitalization *87 insurance for fire department personnel would be paid by the city. While the precise date is unclear, the record indicates that approximately a year and a half prior to appellant's resignation the Bastrop City Council mandated that a portion of the hospitalization premium would have to be paid by the city employees due to an increase in hospital premiums. Apparently, within six months of this determination, another raise in premiums occurred such that the sum of about three percent of appellant's salary was paid in insurance premiums. Thus, the net result of the new requirements that appellant make social security payments and pay a certain portion of his hospitalization meant that he was receiving just under ten percent less in salary than he had expected at the time of his employment. Additionally, his salary was still subject to the seven percent withholding for retirement.
Applicant is not entitled to unemployment benefits if he leaves his employment without good cause connected with that employment. LSA-R.S. 23:1601(1). The standard for judicial review in such unemployment cases is whether the findings of the Board of Review are supported by sufficient evidence and whether the Board has applied the appropriate law to those facts. LSA-R.S. 23:1634.
The seminal issue in this case is whether the reduction in pay is so substantial a change in wages as a matter of law as to constitute "good cause" for appellant's resignation. Appellant contends that the reduction is sufficiently substantial to warrant his termination of employment. He is joined in that position by the State of Louisiana Through the Department of Labor, Office of Employment Security, which has advised this Court that it is "in support of the appellant, W.L. Nason, on the issue of leaving for good cause connected with employment."
"Good cause" has been defined as a cause connected with working conditions which affects the employee's ability to continue work or the benefits the employee may receive from his employer either upon continuation of work or retirement. McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975). Mere dissatisfaction with working conditions does not constitute "good cause" unless the dissatisfaction is based on discriminatory, unfair or arbitrary treatment, or is based upon a substantial change in wages or working conditions from those in force at the time the claimant's position began. DeCote v. La. Office of Employment Sec., etc., 401 So.2d 1087 (La.App. 3d Cir.1981); McGinnis v. Moreau, 149 So.2d 188 (La. App. 3d Cir.1963). Resignation by an employee merely because he is dissatisfied with his compensation does not constitute good cause for leaving his employment. Salvant v. Lockwood, 400 So.2d 311 (La. App. 4th Cir.1981). However, a resignation as a result of a substantial decrease in earnings does constitute "good cause" for leaving the employment. Robertson v. Brown, 139 So.2d 226 (La.App. 1st Cir. 1962).
In Robertson, the court found that a forty percent reduction in wages was a sufficiently substantial reduction to thereby entitle the claimant to unemployment compensation.
In Jantzen of Louisiana, Inc. v. Blache, 464 So.2d 33 (La.App. 3d Cir.1985), the court found that a claimant who was employed as a machine operator, compensated at a fixed rate for each unit produced, suffered a substantial reduction when the rate for each finished product was reduced from $.95 to $.54, thus entitling the claimant to unemployment compensation.
The jurisprudence cited serves only as a guide to assist us in determining whether this ten percent reduction is indeed substantial. While we cannot say precisely at what level a reduction in pay becomes substantial, we are of the view that this reduction of just under ten percent had a significant impact on appellant's economic status. We thus determine that the reduction at issue is sufficiently substantial *88 as a matter of law to be good cause for leaving the employment.
Having thus concluded, we note and reject the city's argument that plaintiff's reduction is insubstantial because of appellant's receipt of a statutorily mandated two percent raise[1] in July of 1982 and the fact that he would have received a three percent raise in July of 1983. Also, the city contends that appellant accepted the reduction by virtue of remaining with the city for approximately a year after the social security reduction was in effect.
We conclude that the statutorily mandated two percent raises should not be considered in determining whether appellant has suffered a significant reduction. Presumably, both the appellant and the city were aware of that law at the time of appellant's employment. Delouche v. Rosenthal, 78 So. 970, 143 La. 581 (1918). Additionally, we find nothing in the record which would indicate that appellant was aware at the time he resigned that he would receive a three percent raise in July of 1983, one percent more than required by state law. Even if so, we determine that the additional one percent is of insufficient moment to benefit the city of Bastrop. We also conclude that appellant did not acquiesce in the reduction. The record is clear that both the city and the firefighters fully expected that firefighters would be relieved of social security payments at the end of 1983. That option was terminated by Congress in April of 1983 and appellant resigned shortly thereafter.
We thus find no merit in any of the positions of the city of Bastrop and conclude that the reduction here at issue is sufficiently substantial as a matter of law to be good cause for leaving the employment. We reverse the findings of the board of review and the district court and find for the plaintiff-appellant as prayed for. All costs of these proceedings are assessed against appellee, the City of Bastrop.
REVERSED.
NOTES
[1] LSA-R.S. 33:1992 requires that all firefighters receive a two percent raise annually.