FORET, Judge.
This is an unemployment benefits case. Plaintiff, James Devillier, applied for unemployment benefits on January 7, 1985. He was determined to be ineligible by defendant’s administrator, Office of Employment Security, the appeals referee, and the Board of Review. Plaintiff timely filed for judicial review on April 30, 1985. Trial took place on August 2, 1985, and the matter was taken under advisement. Judgment was signed on January 16, 1986, affirming the decision of the appeals referee (Agency) and the Board of Review. Plaintiff filed a motion for a new trial on October 9, 1985.[1] After hearing on October 25, 1985, the motion was denied by order signed January 16, 1986.
FACTS
Plaintiff worked for Kent’s Emergency Railroad Service (Railroad) for three days in 1984: September 25, 29, and 30. He received a payroll check on or about Octo *678 ber 2, 1984, showing gross earnings of $367.50 for the three days of work. Plaintiff was working for Ashy Pipeline & Contractors, Inc. (Ashy) during the time he worked for Railroad. He worked for Ashy during the payroll period ending September 30, 1984: September 26, 27 and 28. His gross wages for this period were $300. Plaintiff received his payroll check on October 4 or 5.
The Agency determined that plaintiff was ineligible for unemployment benefits because he had not accrued sufficient wages to qualify for benefits on a claim filed effective January 6,1985. The wages paid by both employers were reported in the quarter paid rather than the quarter earned. Therefore, the wages were reported in the fourth quarter instead of the third.
Plaintiff contends that the wages should have been reported in the third quarter which was the quarter earned rather than in the quarter paid based on LSA-R.S. 23:1598.
Plaintiff filed his claim for benefits prior to the 1985 amendment to LSA-R.S. 23:1598. The statute prior to the 1985 amendment reads as follows:
“§ 1598. Wages earned but unpaid as basis for benefits payable
For the purposes of the Part, the administrator shall, in determining benefit rights of a claimant, treat wages earned as wages paid, only in those cases where the employer has failed to make payment thereof in accordance with his contract, regular practice, or custom.”
Act. 467 of 1985 amended the statute to read as follows:
“§ 1598. Wages earned but unpaid as basis for benefits payable
For the purposes of this Part, the administrator shall, in determining benefit rights of a claimant, treat wages earned as wages paid:
(1) In those cases where the employer has failed to make payment thereof in accordance with his contract, regular practice, or custom; or
(2) In those cases where the employee would have been eligible to receive benefits had wages been paid when earned.”
Plaintiff contends that the 1985 amendment should be applied retroactively. The trial court disagreed with plaintiff’s contention and in its denial of a motion for a new trial stated:
“I conclude the 1985 amendment is not interpretive. Hence, it cannot be applied retroactively.
The statute (R.S. 23:1598) is clear and unambiguous. It gives a definite method of attributing wages earned in one quarter and paid in another. It could be advantageous or disadvantageous to a claimant depending upon the particular facts.
The 1985 act gives the claimant a beneficial additional option in resolving this matter. It is clearly additional legislation and not interpretive. The original language was not displaced. Except for elimination of the word ‘only,’ the language is the same but there is the additional choice given. This was not interpretive but outright change.”
Our review of the proceedings below in this matter is strictly limited to a determination of whether the facts were supported by competent evidence and whether the facts, as a matter of law, warranted the action taken. Jantzen of La., Inc. v. Blache, 464 So.2d 33 (La.App. 3 Cir.1985). We find the decisions below to be well supported by the facts based upon competent evidence.
We agree with the trial court’s findings, above quoted, that LSA-R.S. 23:1598, prior to its 1985 amendments, is clear as to its intent and application. Plaintiff is clearly not entitled to benefits under the statute as it then existed. Although plaintiff contends that the 1985 amendment should be retroactively applied, we disagree. A clear reading of the statute reveals that it is not an interpretive or remedial amendment, but a substantive one and, in the absence of an express legislative mandate to do so, it cannot be applied retroactively, but rather has prospective application only.
*679 For the reasons stated herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Although plaintiff filed a motion for a new trial prior to January 16, 1986 (the date judgment was signed), this apparent discrepancy is resolved by noticing that the plaintiff filed the motion after the effective date of the amendment to LSA-R.S. 23:1598.