PRICE, Judge.
This is an appeal by a former employee of T. G. & Y., Inc., from a judgment of the district court which upheld the administrative determination that she was ineligible for unemployment benefits.
Jeanne E. Buckley was employed by T. G. & Y. from August 1975 until April 1976. She worked at the service desk handling customer complaints and various other duties. On April 29,1976, she made a claim for unemployment benefits and in her application stated that she left, her job on April 9, 1976, because the store manager, Louis Munn, intentionally and deliberately harassed her and treated her unfairly whenever the opportunity presented itself. The agency’s determination disqualifying claimant for unemployment benefits under La. R.S. 23:1601(1) was based on a finding that she left her employment without good cause connected with her work after being warned about her attitude. This finding was affirmed by the appeals referee, the board of review, and on judicial review by the district court.
The sole issue on appeal is whether there was sufficient evidence to support the finding that the claimant quit her employment without good cause.
Mrs. Buckley contends that she had good cause to quit her job at T. G. & Y. because her working conditions were made unbearable by the store manager. Her principal complaints were:
(1) The store manager focused the shoplifting surveillance camera on appellant for extended periods of time while she worked at the service desk;
(2) He informed her that she was not allowed to select Friday as her day off because she was office personnel, but nevertheless he refused to pay her the wage scale for office personnel;
(3) She never received a merit raise as did the other employees of T. G. & Y.;
(4) Her day off was changed each week while the other employees were allowed to take the same day off each week;
(5) The manager had her followed when she shopped in the store;
(6) When she came on duty the manager removed the employees’ purses from the service desk insinuating she was not trustworthy; and
(7) She was subpoenaed as a witness in a three-day trial which ended the day before she quit. The manager refused to pay her for this time off even though an employee of another T. G. & Y. store who also was subpoenaed in the same case was paid by her store manager.
Mrs. Buckley’s testimony in support of the above complaints was substantially cor *54 roborated by two employees of T. G. & Y. Jeannie Tartarilla testified Mrs. Buckley was an efficient worker who did an excellent job at the service desk. Miss Tartarilla testified that the manager constantly harassed appellant and treated her unfairly. Carol Weir, who worked with Mrs. Buckley for seven months, attested to her good work record and confirmed that appellant was subjected to a great deal of pressure from the manager without provocation. Both these employees cited the above grievances as examples of the conditions and treatment imposed solely upon Mrs. Buckley.
The only evidence presented at the administrative hearing by the employer was the testimony of an assistant manager who had been transferred to the store during the last month of Mrs. Buckley’s employ. He was unable to confirm or deny the assertions of claimant regarding harassment by the manager as most of the incidents alleged occurred prior to his association with this particular T. G. & Y. store. Although he had discussed with claimant her attitude toward customers a few days previous to the termination of her employment, he did not contend this was the reason for her quitting her employment. He further testified she was an efficient worker and had improved her attitude with customers.
The statement in the agency’s findings, “You quit your employment after being warned about your attitude. There is no information available to substantiate that you quit for good cause connected with the employment,” is not supported by the evidence in this record. The employer’s only witness, as already noted, did not contend that claimant quit her job because he asked her to be friendlier with the customers.
The evidence does show, however, that Mrs. Buckley’s reasons for quitting her job at T. G. & Y. involved a series of unfair treatment imposed on her which culminated when the store manager refused to pay her for the days she attended court as a witness.
There is no other testimony or evidence in the record to contradict the testimony of Mrs. Buckley and her two co-employees pertaining to the discriminatory conditions of her employment.
We are mindful of the provision of La. R.S. 23:1634 that:
In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. [emphasis added]
However, the jurisprudence concerning this and other provisions relating to similar administrative boards have maintained that where there is no substantial evidence to support the decision of the board or where the evidence is vacuous, the court may, if the other evidence so warrants, set aside the ruling of the board. Kansas City Southern Railway Company v. Louisiana Public Service Commission, 254 La. 160, 223 So.2d 132 (1969); Wilson v. Doyal, 319 So.2d 855 (La.App. 1st Cir. 1975); Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir. 1969).
We find there is no substantial evidence in the record to support the board of review’s conclusion that claimant left her employment without good cause and therefore hold that she is eligible for unemployment benefits.
For the reasons assigned the judgment appealed is reversed and this matter is remanded to the Board of Review, Department of Employment Security for further proceedings in accordance with law and in conformity with this opinion.