WATKINS, Judge.
This is an appeal from a judgment of the district court affirming action of the State of Louisiana Board of Review for the Department of Employment Security denying Nancie Murphy benefits. We reverse.
Mrs. Murphy was originally denied benefits by the Louisiana Department of Employment Security, Bogalusa, for the following stated reason:
“You left your employment of your own accord to repair your house and raise a garden. Your leaving was for personal reasons and without good cause connected with employment.”
Mrs. Murphy appealed to an appeals referee, who denied benefits.
The appeals referee held a hearing, which brought out the following facts, as revealed from the transcript of testimony:
Mrs. Murphy was employed by Maginnis Oil Company from late August 1976 until March 10 or 11, 1977, as a cashier at a self-service gasoline station. Her hours were from 6:00 a. m. until 2:30 p. m. She was the only employee at the station, and, when she entered, she locked the doors behind her. She started receiving obscene telephone calls at the station. She told her supervisor about this, and was offered a job at a new station in Mandeville when it was completed. One call came within a few minutes of the opening of the station in the morning, and the caller described her clothing and her hairdo. She called her husband to come sit with her. The next day the caller said that she would be sorry she had done that, and thereafter the caller repeatedly called her and said it would be only so many more days until they got together. The calls usually came while it was still dark. Finally, someone tried the back door. After working two more weeks, she quit her job. The transcript reveals that although she talked to her supervisor, she never talked to the president of the company, and never requested being put on another shift. Her employer appears to have made an effort to have the telephone number changed, without success.
Under LSA-R.S. 23:1601 (as amended by three acts of 1978) a claimant shall be disqualified for benefits: “(1) If the administrator finds that he has left his employment without good cause connected with his employment . The administrator, as we have stated, found that Mrs. Murphy had left her employment to repair her house and plant a garden; hence, she had left her employment without good cause connected with her employment.
The referee made the following findings of fact:
“The claimant worked for the above employer for approximately 6V2 months *340 as a Cashier at a self-service gasoline station. She earned wages at the rate of $2.45 per hour working from 6:00 a. m. to 2:30 p. m., five days per week. The claimant quit her job because of obscene phone calls she was receiving at the place of business. The claimant had spoken to her supervisor about this who relayed the information to the President of the corporation, John Mcginnis. Mr. Mcginnis contacted the telephone company and had the two pay phones disconnected and asked that the telephone number be changed for the business phone. However, the telephone company did not change the telephone number for the business phone. Mr. Mcginnis testified at the Appeals Hearing that the claimant never contacted him regarding the obscene phone calls, and he was not aware until her claim was filed that this was her reason for leaving.
* * * * * *
The facts and evidence in this case show that the claimant quit her job because she had been receiving obscene phone calls at the place of business. The facts further show, however, that the claimant did not make a reasonable effort to maintain her employment before quitting. She neither requested a change in hours nor did she contact the President of the corporation prior to quitting. Under these circumstances, it must be determined that the claimant’s leaving was without good cause connected with the work.”
Mrs. Murphy applied for review to the Board of Review, Department of Employment Security, which affirmed the referee’s decision without discussing the facts. She then applied to the district court for review, which likewise affirmed, after submission of briefs only. As we have stated, we reverse.
The Board of Review made no independent findings of fact, and simply affirmed the referee’s decision. We will assume that the referee’s findings of fact were incorporated into the decision of the Board of Review, to take the position least favorable to the awarding of benefits.
The scope of judicial review is stated in Benward v. Gerace, 370 So.2d 660 (La.App. 4th Cir. 1979) in the following terms:
“Findings of the Board of Review as to facts are conclusive if supported by sufficient evidence and in the absence of fraud. Louisiana Revised Statute 23:1634.”
(370 So.2d 660, 661, 662)
Also taking this position are many cases, including Cotton Bros. Baking Co. v. Bettevy, 367 So.2d 1274 (La.App.3d Cir., 1979) and Dorsey v. Administrator, 353 So.2d 363 (La.App. 1st Cir., 1977), writ denied 355 So.2d 549 (1978).
We see that the referee found as a matter of fact that Mrs. Murphy left her job because she had been receiving obscene phone calls. He then stated that she did not make a reasonable effort to maintain her employment because she did not request a change in hours or contact the president of the corporation. We hold that the finding that she did not make a reasonable effort to maintain her employment is a conclusion of law, not a finding of fact, and that, in any event, it is unsupported by the evidence. Mrs. Murphy contacted her supervisor, who under normal business procedure, would be the one to contact. She agreed to take a job at Maginnis Oil Company’s Mandeville station, which was being built. It would appear that the next shift would have been even more fraught with danger, as it would have included the evening hours. Accordingly, we hold that Mrs. Murphy did not leave her employment without good cause connected with her employment — she had a very good reason to fear for her physical well-being and to leave— and that she is entitled to benefits.
Under the procedure set forth in LSA-R.S. 23:1634, the case is remanded to the Board of Review with instructions that it enter an order awarding Mrs. Murphy benefits in accordance with the determination made by this Court.
REVERSED AND REMANDED.