DOUCET, Judge.
This unemployment compensation case involves an appeal from a judgment rendered by a district court reversing the administrative determination which disqualifies appellant from receiving benefits. We affirm.
After leaving the employ of Guaranty Bank and Trust Company (hereinafter referred to as Guaranty), appellee, Stella Gautreaux, filed a claim for unemployment compensation benefits with the Louisiana Office of Employment Security (hereinafter referred to as Agency). The Agency determined that appellée was disqualified from receiving benefits under La.R.S. 23:1601(1) because she left her employment without good cause connected with her employment. The appeals referee and the Board of Review affirmed the Agency’s determination assessing a disqualification for benefits. Appellee then sought judicial review of the Board of Review’s decision. The district court reversed that decision and Guaranty now appeals claiming that the trial court’s reversal of the appeals referee’s findings, affirmed by the Board of Review, is contrary to La.R.S. 23:1634. We disagree.
La.R.S. 23:1634 in pertinent part provides:
“In any proceeding under this Section the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
According to the above statute, the factual findings of the Board of Review are, in the absence of fraud, conclusive if supported by sufficient evidence. Ducote v. Louisiana Office of Employment Security, 401 So.2d 1087 (La.App. 3rd Cir.1981). There is no allegation or evidence of fraud in the instant case. Thus, the question of law presented for resolution by this court is whether the findings of fact by the Board of Review are supported by sufficient evidence. After careful review of the record, we find that they are not.
Appellant urges that the trial court’s reversal of the Board of Review’s findings is contrary to La.R.S. 23:1634 because the findings of the Board are supported by sufficient evidence and are thus conclusive. The Board of Review made two key findings:
(1) That the main reason for Mrs. Gau-treaux’s resignation was that she did not want to be transferred to another branch and,
(2) That she failed to prove that she was discriminated against on the basis of equal work/equal pay.
Appellant contends that both conclusions are supported by sufficient record evidence. We disagree.
Appellee, Mrs. Gautreaux, worked for appellant for over eleven years, working her last day on January 30, 1985. A few months prior to this date, appellee applied for a posted position. Another applicant, Mr. Ken Judice, also applied but was initially not allowed to post for the position as he had not yet completed the loan training program. Mr. Judice was subsequently allowed to supplement his application, a privilege not afforded to other applicants. After evaluation of the two applicants, Mr. Ken Judice was awarded the position. After subsequently working with Mr. Judice, appellee discovered that Mr. Judice was receiving considerably larger compensation, despite the fact that appellee had been employed at Guaranty much longer and despite the fact that appellee was more qualified than he.
In a meeting of January 24, 1985, appel-lee questioned her superiors as to why Mr. Judice was being paid more than the three female loan officers present in the discussion, despite the fact that Mr. Judice had no prior lending experience and had half of the lending authority of those three females. Appellee was not provided with an answer at this time.
The following day, appellee learned that she was being transferred to a branch location which was undesirable to her for various reasons. That afternoon appellee requested a transfer.
*981 Appellee was contacted the next day by Mr. J.B. Mouton of Guaranty Bank and was told that she was re-assigned to another branch and was told to report to that location. Appellee went to that location and was then contacted once again by Mr. Mouton and told that she would have to report to the previous Southpark assignment. At this time, appellee informed Mr. Mouton of the reasons for which she did not want to be transferred to the South-park Branch. During this conversation, ap-pellee also informed Mr. Mouton that she did not feel that she had been treated fairly on the job posting and went into detail with Mr. Mouton pointing out her qualifications and pointing out the fact that a non-loan officer had been promoted to the job over her, an officer, despite the fact that Mr. Judice had no prior lending experience, and despite the fact that even after his promotion, Mr. Judice was only given one-half the lending authority that the appellee had, which indicated to her that the bank recognized his lack of experience and qualifications.
At a later meeting with two of her superiors, appellee inquired as to why she had to be assigned to the Southpark Branch. In response to her inquiry, appellee was told that she was being assigned there because she had the credit and financial analytical ability to be a tremendous help to that location. Appellee, in response, told them that they must have been mistaken as to her qualities since they had promoted Mr. Ken Judice over her because she lacked the very credit and analytical experience that she was now being praised for.
Based on the foregoing account, we find that appellee was subjected to discriminatory treatment. Moreover, we find that the main reason for appellee’s resignation was not because she was being transferred to an undesirable location, but instead, was due to the discriminatory treatment against her. While we are aware of the fact that appellee was unhappy about being transferred to the Southpark Branch, we find that this was not the motivating factor in her resignation. To the contrary, long before the proposed transfer, appellee was subjected to a culmination of past discriminatory treatment and appellee voiced her concerns of this discriminatory treatment to several of her superiors on several occasions.
After having found that appellee resigned due to discriminatory treatment, our next inquiry is whether the discriminatory treatment was “good cause” for quitting within the meaning of La.R.S. 23:1601(1). According to the aforementioned statute, an individual shall be disqualified for benefits “if the Administrator finds that he has left his employment without good cause connected with his employment.” In McGinnis v. Moreau, 149 So.2d 188 at 190 (La.App.1963) in relation to the provisions of La.R.S. 23:1601(1), the court held in pertinent part:
“... mere dissatisfaction with working conditions does not constitute ‘good cause’ for quitting the employment, unless the dissatisfaction is based upon discriminatory or unfair or arbitrary treatment or is based upon a substantial change in wages or working conditions from those in force at the time the claimant’s employment in his position commenced, so as to render the work unsuitable to the claimant, considering the worker’s physical fitness qualifications, earning ability, and the like.”
In the present case, appellee’s dissatisfaction was based upon discriminatory treatment. Thus, pursuant to McGinnis, supra, this constituted “good cause” for quitting her employment. As such, we agree with the judgment of the trial court and find that appellee is entitled to unemployment compensation benefits.
Accordingly, for the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against appellant.
AFFIRMED.
LABORDE, J., concurs and assigns reasons.
DOMENGEAUX, J., dissents and assigns reasons.