522 So.2d 1379 (1988)
Patricia McCLODDEN, Plaintiff/Appellant,
v.
Joseph R. GERACE, Administrator of the La. Office of Employment Security and A & P Tea Company, Defendants/Appellees.
No. 19527-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1988.
North Louisiana Legal Assistance Corp. by John J. Genova, Baton Rouge, for plaintiff/appellant.
Office of Employment Sec. by James A. McGraw, Denise A. Nagel, Baton Rouge, for defendants/appellees.
Before HALL, C.J., and JASPER E. JONES and SEXTON, JJ.
HALL, Chief Judge.
Plaintiff, supported by the administrator of the office of employment security, appeals the judgment of the district court affirming a decision of the board of review of the office of employment security denying *1380 her unemployment compensation benefits. The agency, the appeals referee, and the board of review all found that plaintiff was disqualified from receiving benefits under LSA-R.S. 23:1601(1) because plaintiff left her employment for personal reasons and not for good cause connected with the employment. The district court found that the decisions of the appeals referee and the board of review were supported by the testimony given at the appeals tribunal and their legal conclusions were correct as a matter of law. For the reasons which follow, we affirm.
Plaintiff Patricia McClodden was employed by A & P Tea Co. for two years as a checker at the rate of $3.35 per hour until May 20, 1985.
About a week before plaintiff quit, Mr. Summerville, the store manager, loudly reprimanded and criticized the way plaintiff handled a customer's order. Plaintiff testified that Mr. Summerville insinuated that she was helping a customer steal meat. After explaining her actions and showing Mr. Summerville that the meat was checked out she became very upset.
On Monday, May 20, 1985, Mr. Summerville called plaintiff into the office to discuss an incident that occurred the previous day when he asked her to go get some buggies. Mr. Summerville felt that plaintiff had pushed the buggies into the rail in an abrupt manner. Plaintiff disagreed, became upset and began crying. Another checker stopped checking and customers began staring. Ms. Melton, co-manager, advised plaintiff to calm down, go outside to get some more buggies and try to settle herself down. Plaintiff went outside to get the buggies but was unable to calm down. She walked back into the store, asked the lady in the office for her purse, took her store jacket off, laid it on the window and walked out of the store while Mr. Summerville was on the telephone.
During the hearing, plaintiff testified that Mr. Summerville was sexually harassing her. However, in her lengthy written statement given at the agency level explaining why she quit her job she did not mention sexual harassment, the only possible reference to that being "the disrespect that Mr. Summerville had for me," given as one of the reasons she quit work.
Vera Davis testified that on one occasion she overheard Mr. Summerville speaking in a loud tone of voice to plaintiff which created a situation she described as embarrassing and humiliating.
Pecolia Jones, the mother of plaintiff, testified that as she was cashing a check at A & P, Ms. Melton told her that the reason plaintiff quit her job was because Mr. Summerville wanted to go to bed with her.
Mr. Summerville testified that he did not make sexual advances toward plaintiff. He stated that he may have brushed against her accidentally. He further stated that he was satisfied with plaintiff's work and did not force her to quit. Mr. Summerville also stated that if his workers would do wrong, he would reprimand them in the office or on the floor but never in front of customers.
The agency determined that plaintiff's leaving her job was without good cause connected with the employment and that she was disqualified for benefits since she left her employment by walking off the job and made no attempt to discuss her reason for leaving with her employer.
Plaintiff subsequently appealed the agency's determination. The appeals referee affirmed the agency's action. The referee stated that "[t]here is insufficient evidence to indicate that the claimant left the employment with good cause connected with the employment. It is determined that the claimant's leaving was for personal reasons." Plaintiff then appealed to the board of review which affirmed the appeals referee decision. Upon appeal to the district court, the court adopted the facts found by the board and stated that these facts were supported by the testimony given at the appeals tribunal. The court determined that plaintiff was disqualified for unemployment compensation benefits under LSA-R.S. 23:1601 (1) since she left her employment for personal reasons and not for good cause connected with the employment.
*1381 The scope of judicial review in unemployment compensation cases is outlined in LSA-R.S. 23:1634. Since there has been no allegation of fraud, judicial review of the findings of the Board of Review is limited to (1) whether the facts found by the board are supported by competent evidence produced at the hearings and (2) whether such facts, as a matter of law, justify the action taken. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Gunn v. Gerace, 516 So.2d 1180 (La.App. 2d Cir.1987); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir. 1985).
Where there is no substantial evidence to support the decision of the board or where the evidence is vacuous, the court may, if the other evidence so warrants, set aside the ruling of the board. Kansas City Southern Railway Co. v. Louisiana Public Service Commission, 254 La. 160, 223 So.2d 132 (1969); Buckley v. State Department of Employment Security, 383 So.2d 52 (La.App. 2d Cir.1980); Rankin v. Doyal, 223 So.2d 214 (La.App. 2d Cir.1969).
The Louisiana Employment Security Law is remedial in nature and as such should be interpreted by the court to extend its benefits as far as possible within the bounds imposed by express legislative restrictions. Parker v. Gerace, 354 So.2d 1022 (La.1978); Gunn v. Gerace, supra.
LSA-R.S. 23:1601 provides that
An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment. ... (Emphasis added.)
Where plaintiff voluntarily left her employment she must show that she left with good cause connected with her employment in order to receive benefits. Clemons v. Blache, 501 So.2d 1020 (La. App. 2d Cir.1987). Good cause has been defined as more than mere dissatisfaction with the working conditions. Clemons v. Blache, supra; Joubert v. Blache, 488 So. 2d 749 (La.App. 3d Cir.1986); Nason v. Louisiana Department of Employment Security, 475 So.2d 85 (La.App. 2d Cir. 1985), writ denied, 478 So.2d 149 (La.1985). The good cause contemplated by the statute must be from a cause that would reasonably motivate, in a similar situation, the average able bodied and qualified worker to give up his or her employment. Clemons v. Blache, supra; Neal v. Administrator, Division of Employment Security, Department of Labor, 197 So.2d 393 (La. App. 2d Cir.1967). The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman and not the supersensitive. Clemons v. Blache, supra; Southern Hardware and Lumber Co. v. Department of Employment Security, 250 So.2d 780 (La.App. 4th Cir.1971). Good cause connected with employment means a cause connected with working conditions, ability of the employee to continue employment, availability of transportation to and from work and other factors which affect the employee's ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of the work or on retirement. Clemons v. Blache, supra; Louisiana Department of Corrections v. Administrator, Louisiana Office of Employment Security, 457 So.2d 825 (La.App. 1st Cir.1984); McGraw v. Director of Postal Data Center, 319 So.2d 797 (La.App. 1st Cir.1975).
We find that plaintiff did not prove that she left her employment for good cause connected therewith. The two public reprimands of plaintiff by the employer did not give rise to the good cause contemplated by the statute to motivate plaintiff to give up her employment. Plaintiff, while embarrassed and upset by the employer's reprimands, was supersensitive and not entitled to leave her employment based upon the reprimands alone.
Plaintiff, during the hearing, attempted to prove that she had been sexually harassed. While plaintiff's testimony was explicit, the appeals referee did not accept the testimony as true. Plaintiff's initial written statement as to why she quit her employment was over four pages long. She was quite detailed in her statement but never made any allegations of sexual *1382 harassment by Mr. Summerville except to state "and the disrespect Mr. Summerville had for me." Pecolia Jones, plaintiff's mother, was plaintiff's only corroborating witness as to these allegations. Her testimony was strictly hearsay and the source of her information was not given. Mr. Summerville denied any sexual harassment.
The administrative agency did not err when it found that plaintiff left her employment for personal reasons and not for good cause connected with the employment.
For the reasons stated above, we affirm the decision of the district court which upheld the finding by the Board of Review that plaintiff left her employment without good cause connected with her employment. Plaintiff is therefore ineligible to receive unemployment compensation benefits.
AFFIRMED.