WILLIAMS, Judge.
Claudette Davis, claimant for employment security benefits, and the State of Louisiana Office of Employment Security and DHHR appeal the judgment of the district court. Davis appeals the trial court’s ruling that she did not quit her job with the State for “good cause” and is therefore not qualified for employment security benefits. The State appeals the award of attorney fees to Timothy O’Dowd, counsel for Davis.
FACTS
Claudette Davis left her employment with the State on April 29, 1989 and subsequently filed for benefits with the Department of Employment Security. The Agency determined that she had left her employment with good cause connected with the employment and was therefore eligible for benefits. The State appealed and the administrative law judge reversed, finding that Ms. Davis was not qualified for benefits. The Louisiana Board of Review affirmed. On October 14, 1989, Ms. Davis timely appealed to the Civil District Court.
On January 5, 1989, counsel for Ms. Davis filed a Motion to Produce Additional Evidence Before the Board of Review. In the motion, Davis also requested that the administrators be required to show cause why they should not be penalized under 23:1634 for failure to file the administrative record within sixty days.[1] The court sched *651 uled a hearing on the rule to show cause for January 27, 1989. The State then filed a motion for extension of time in which to file the record, which motion was granted on January 20, 1989. After the January 27,1989 hearing, the court rendered a judgment awarding claimant four weeks unemployment security payments and awarding the attorney for Ms. Davis $150.00 in attorney fees. No reasons for judgment were filed.
On the merits, the court affirmed the finding of the Board of Review that claimant is ineligible for employment security benefits in a judgment dated February 22, 1989. The State suspensively appealed the granting of attorney fees on February 24, 1989, and Ms. Davis appealed the finding of ineligibility on March 9, 1989.[2]
For the reasons stated herein, the portion of the judgment requiring the State to pay attorney fees to Mr. Timothy O’Dowd is reversed. The February 22, 1989 judgment on the merits is affirmed.
ATTORNEY FEES
The State argues that the trial court abused its discretion in awarding attorney fees because LSA-R.S. 23:1634 does not provide for such fees. We agree.
Though no reasons for judgment were issued, it would appear that the penalties were imposed in response to Davis’ motion, which requested that penalties be imposed in accordance with LSA-R.S. 23:1634. As noted in footnote 1, supra, R.S. 23:1634 specifically provides that if the administrator fails to file the record with the court within the time provided by the statute (sixty days), “the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.” Neither LSA-R.S. 23:1634 nor any other statute authorizes the Louisiana Department of Labor, Office of Employment Security to use its state or federal funding to pay attorney fees for a claimant deemed ineligible for benefits. Furthermore, as the State points out, Davis did not pray for attorney fees.
We reject the claimant’s argument that the attorney fees are valid under La.C.C.P. art. 225 as a penalty for contempt of court.
ELIGIBILITY FOR BENEFITS
For a claimant to be entitled to unemployment benefits, he must not only have left employment for good cause, but the cause must have been connected with employment. Neal v. Administrator, Division of Employment Security, Dept. of Labor, 197 So.2d 393 (La.App. 2d Cir.1967). “Good cause connected with employment” is that which would reasonably motivate the average able-bodied and qualified worker to give up his or her employment in a similar situation and which is connected with working conditions, ability of the employee to continue employment, availability of transportation to and from work and other factors which affect the employee’s ability or right to continue work or which affects benefits he may receive from his employer either upon continuation of work or on retirement. LSA-R.S. 23:1601(1). McClodden v. Gerace, 522 So.2d 1379 (La.App. 2d Cir.1988).
Ms. Davis complains that the lower tribunals erred in failing to find that she suffered a substantial reduction in income and substantial increase in her work load so as to constitute “good cause” for leaving her employment with the State. In the alternative, Davis argues that the lower tribunals did not have sufficient information upon which to base a decision.
*652 Davis began working for the State’s Office of Human Development, Division of Child Placement in 1982. Until March of 1986, Davis received a regular salary plus overtime pay at the rate of time and a half. In March of 1986, the State ceased paying overtime pay and instead allowed compensatory time, so that rather than receiving additional money, State employees would receive time off for all overtime worked. Davis continued to work for the State until April 29, 1988 when she quit her job.
Davis argues that substitution of compensatory time for overtime pay effectively reduced her work week from sixty hours a week to forty hours. Furthermore, she was precluded from earning the time and a half compensation for overtime, compensation upon which she had relied since the inception of her employment with the agency-
Ms. Davis also complains that her work load increased in February and March of 1988. She testified that, contrary to the testimony of the State’s witnesses that Davis received an average of eleven cases per month, she received 22 cases in March. Furthermore, though the State’s witnesses testified that an employee is required to work 24-hour call every eight to ten weeks, Davis claims that she worked 24-hour call every five to six weeks.
In the notice of separation form in which the claimant explains her reasons for leaving her employment, Ms. Davis states that in September of 1987 she was transferred from a desk job (which, the record reveals, required no field work, no overtime and no 24-hour call duty) to the field. Ms. Davis complains in that form that the day she was transferred she was required to work 24-hour call. She further complains that at the time she was transferred she was separated from her husband, her baby was nine months old,’she had three other children to care for, all under the age of twelve, and she had to make arrangements for child care. Ms. Davis complains that this situation created a hardship due to the fact that she was not paid overtime, and was at times required to work at night. Claimant further complains that the administrative law judge applied the wrong standard. Though the judge simply found that Davis did the same work as everyone else, the correct question is whether there was a change in Davis’ circumstances.
We reject the claimant’s argument and find no error in the lower tribunals’ finding that there was no substantial change in Ms. Davis’ working conditions or duties and that Ms. Davis is not eligible for employment security benefits.

Findings of Fact by the Administrative Law Judge

The Board of Review affirmed the judgment of the administrative law judge and adopted his findings of fact. In the absence of fraud, the findings of the Board of Review are conclusive as to the facts of the case, thus limiting judicial review to questions of law only. LSA-R.S. 23:1634; Cox v. Lockwood, 373 So.2d 246, 247 (La.App. 4th Cir.1979).
The administrative law judge noted the following in his findings of fact. Ms. Davis had worked for the named employer from 1982 until April 29, 1988. Her salary rate at the time of separation was approximately $2,264.00 per month. The claimant’s job classification was a State Civil Service position under the department of DHHR, and her job position required that she investigate child abuse and child neglect cases. Both the claimant and the employer described the job as being extremely stressful. The employer maintained that in accordance with the provisions set forth by the department in which claimant was employed, all social service specialist workers, as was the claimant, were required to handle at least fourteen cases a month and were required to be on twenty-four hour call, at least every eight weeks. The claimant was thoroughly aware of the job requirements when she accepted the job.
It is of particular interest that the administrative law judge notes that “an additional stressful situation had developed because of personal domestic matters the claimant was faced with while employed with the named employer.”

*653
Opinion of the Administrative Law Judge

In the body of his opinion, the administrative law judge stated:
The facts presented show that the claimant left her employment in 1988 because she was dissatisfied with the amount of work she was being assigned, felt that the job was too stressful and was dissatisfied with the salary paid. The claimant was assigned the same amount of work as were other workers in her job classification. A description of the claimant’s job shows that her job was of a stressful nature, based on the nature of the job. The claimant however, was well aware of the job duties required of her and accepted these duties and worked the job as assigned. As for the insufficient pay, it was established at the hearing that the claimant was paid in accordance with Civil Service Regulations, the correct amount of pay due her in her job classification of social service specialist II. It is therefore concluded that the claimant left her employment without good cause connected with the employment within the meaning of the Employment Security Law. There was no evidence of a substantial or adverse change in the claimant’s job classification or duties assigned. [Emphasis added.]
The record fully supports the conclusion that there was no substantial or adverse change in the claimant’s job classification or duties. In light of the facts involved herein, this court cannot conclude that the lower tribunals erred as a matter of law in finding that Ms. Davis did not leave her employment for good cause connected with the employment and is therefore ineligible for employment security benefits. The judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.

. LSA-R.S. 23:1634 provides in part that if the State is a party defendant:
"... the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s find *651 ings, conclusions and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant.”

. The prayer of Davis’ appeal asks that "the court grant a devolutive appeal from the judgment rendered on February 22, 1989.” The order provides:
"Considering the foregoing motion, it is ordered that a devolutive appeal of the granting of attorneys fees be and the same is granted to the petitioner, Claudette Davis, returnable to the Fourth Circuit Court of Appeal ... as provided by law.”
However, Davis' appeal brief primarily addresses the merits of the February 22, 1989 judgment and is titled "Brief of Appellee”.