ROLAND L. BELSOME, Judge.
I,This appeal is taken from the district court’s affirmation of the decision by the Louisiana Board of Review to deny Flo-renda Harris unemployment compensation benefits.
The record indicates that Florenda Harris served as a cook for Piccadilly Restaurant from September 2008 until January 18, 2010 without incident but for the unfortunate circumstances surrounding this litigation. During her employment, she worked the night shift with a pot washer name Terrence Henry. While working shifts with Terrence, she noticed that he would come to work intoxicated. Additionally, Terrence began making inappropriate sexual comments to Mrs. Harris and eventually this escalated to a physical battery. Disgusted and frightened by the harassment, Mrs. Harris reported Terrence’s behavior to the restaurant’s general manager, Steve Douville. She complained that Terrence had been sexually harassing her both verbally and physically.
Mr. Douville spoke with Terrence and informed Mrs. Harris that he would monitor the situation. The offensive conduct continued in the following weeks causing Mrs. Harris to contact Piccadilly’s corporate human resources office. Sometime after Mrs. Harris informed corporate of her experience with Terrence’s 12drunkenness and harassment, Mr. Dou-ville was contacted by corporate. Once corporate intervened, Mr. Douville fired Terrence, who had admitted to the harassment. After his termination, Terrence often called during Mrs. Harris’ shift to speak with other employees. The employees would inform Mrs. Harris that Terrence was on the phone and it made her uneasy. By that time, having endured enough abuse and seeing how indifferent her managers were to her wellbeing and safety, Mrs. Harris resigned from Piccadilly. She found another job within a week, but Mrs. Harris’ new employment was short in duration and she became unemployed after only a few months. At that time, she applied for unemployment benefits from Piccadilly because she had been forced out of her job due to the sexual harassment.
Mrs. Harris filed an online application for benefits on April 14, 2010, in which she stated that her reason for leaving employment with Piccadilly was sexual harassment that was continuously complained of but never resolved. The Louisiana Workforce Commission responded to the application with a denial of benefits. The reason given for the denial was “[y]ou left your employment because of a disagreement with your employer/supervisor. Your leaving was not for good cause attributable to a substantial change made to employment by the employer.”
Mrs. Harris appealed that decision. A hearing before the Administrative Law Judge (ALJ) was scheduled. At the hearing, the ALJ heard testimony from Mrs. Harris and Mr. Douville.
Mrs. Harris testified as to the harassment that began in October 2009 and included the touching of her breast and buttocks. She explained how she reported Terrence’s verbal and physical abuse to three separate managers. She also informed the managers of Terrence’s drunkenness on the job. She further testified |3that after reporting the harassment nothing changed. Terrence remained employed, continued to work the same shift *453 as she worked, and continued to report to work drunk and harass her. Because management failed to remedy the problem, Mrs. Harris contacted corporate human resources, on two separate occasions, to inform them of her situation. Terrence was subsequently fired, but continued to call during her shift to talk to other employees, which made Mrs. Harris uncomfortable and fearful. By that time she was disappointed in how things had been allowed to continue and she felt she had no choice but to resign.
When Mr. Douville testified, he claimed that after Mrs. Harris reported the harassment he spoke with Terrence. He stated that Terrence admitted to some of the behavior, but characterized it as “play between the two of them.” At that time, Mr. Douville thought it was a “gray area” and decided that he would monitor the situation or, as it turns out, do nothing. There was no testimony as to how the situation was monitored or that any actions were taken to protect Mrs. Harris. Based on Mrs. Harris’ testimony, the harassment continued and that is when she contacted corporate. Approximately two and one half months from Mrs. Harris’ initial report of the abusive behavior, Mr. Douville finally fired Terrence, but only after being contacted by corporate. Days later, while Terrence continued to call during her shift, Mrs. Harris presented Mr. Douville with her resignation.
Eligibility for unemployment benefits, when an employee voluntarily leaves employment, is governed by La R.S. 23:1601(1). On appeal Mrs. Harris complains that the ALJ and the district court misapplied the facts and evidence in this case to the statute and therefore legally erred in their decisions. We agree.
La. R.S. 23:1601(1) provides that an employee that voluntarily leaves his employment “without good cause attributable to a substantial change made to the | ¿employment by the employer” shall be disqualified for benefits. It is the employee’s burden to prove good cause due to a substantial change in employment by a preponderance of the evidence. La. R.S. 23:1601; Gonzales Home Health Care, LLC v. Felder, 08-0798 (La.App. 1 Cir. 9/26/08), 994 So.2d 687. The “good cause” must be connected with the working conditions. Id. Louisiana courts have consistently found that threatening or harassing behavior or fear for one’s own safety on the job satisfies the “good cause” requirement of La. R.S. 23:1601(1). See Gautreaux v. Whitfield, 520 So.2d 979 (La.App. 3 Cir.1987); Murphy v. State, through Dept, of Employment Security, 385 So.2d 338 (LaApp. 1 Cir.1980); Buckley v. State, through Dept. of Employment Security, 383 So.2d 52 (La.App. 2 Cir.1980).
On appeal, the judicial review from decisions of the Board of Review is to determine whether the board’s findings of fact are supported by legal and competent evidence and whether, as a matter of law, the facts justify the action taken. La. R.S. 23:1634; New Orleans Private Patrol Service, Inc. v. Kuykendall, 11-1052, p. 2 (La.App. 4 Cir. 2/29/12); 85 So.3d 793; See also, Chalik v. Gerace, 459 So.2d 82 (La. 2 Cir. 10/31/84); Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983); Harris v. Woodcrest Mobile Homes, 359 So.2d 243 (LaApp. 2d Cir.1978).
During the questioning of Mrs. Harris at the hearing, the ALJ inquired about the content of the resignation letter, but specifically whether it stated that the sexual harassment was the reason she was resigning. Mrs. Harris stated that the letter was to give Piccadilly notice that she was leaving. She explained that she did not put the sexual harassment in writing because “I was exhausted and disappointed in my management.” She also informed the ALJ that it did not | ¿indicate that she *454 had another job, because she had not found another job at that time. It is clear from the record that by the time she resigned management was fully aware of the sexual harassment, there was no need to notice or inform Piccadilly management any further. In this case, the exclusion of the sexual harassment issue in the resignation letter is not evidence sufficient to deny benefits. Further, the ALJ’s finding of fact stated “[t]he resignation letter indicated that she was quitting for ‘other employment.’ ” The letter was not produced at the hearing. When asked by the ALJ if he remembered the reason for the resignation, Mr. Douville replied, “[t]o the best of my recollection was that she had another job.” However, Mrs. Harris’ testimony and her work record from School Food and Nutrition contradict that statement.[1] Regardless of whether she found employment before or after her resignation, Mrs. Harris’ testimony clearly stated that had she not been sexually harassed on the job she would still be working for Piccadilly. Furthermore, the reliance on Mr. Dou-ville’s recollection of what the resignation letter said, without corroborating testimony from Mrs. Harris or a supporting document, cannot qualify as legal and competent evidence to form the basis of the Board’s decision and, as a matter of law these facts do not justify the decision to deny benefits.
Although the record in this case is sparse, it does provide sufficient evidence to support that Mrs. Harris’ work environment had become hostile. That environment was created by management’s failure to act when first informed of the harassment. Mrs. Harris and Terrence remained on the same shift and the harassment persisted. Even after he was fired he remained a presence during her Rshift by phoning the restaurant. Mrs. Harris’ uncontested testimony was that she was frightened by the fact he was calling during her shift. This is supported by her mentioning it to the police officer that worked the premises during the night shift and also by her having her husband come to the restaurant to assure she made it to her car safely after her shift. Piccadilly management allowed Terrence to create a work environment that Mrs. Harris feared.
Applying the facts of this case, as established by the record, to the controlling statute, we find Mrs. Harris met her burden of proving that her resignation was provoked by good cause attributable to a substantial change in her employment made by her employer as set forth in La. R.S. 23:1601(1). Thus, the finding of the Board is reversed. In accordance with La. R.S. 23:1634 this matter is remanded to the Board for further proceedings.
REVERSED AND REMANDED

. Mrs. Harris gave her notice in early January and she worked until January 18, 2010 at Piccadilly. The record also provides her start date at School Food and Nutrition as January 26, 2010.